**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

DARRELL EUGENE BANKS                                                                              PLAINTIFF
REG# 23612-058

V.                                             2:13CV00121 BSM/HDY

FEDERAL BUREAU
OF PRISONS *et al.*                                                                                 DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District
    Judge (if such a hearing is granted) was not offered at the
    hearing before the Magistrate Judge.

1

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Darrell Eugene Banks, a former inmate at the Federal Correctional Institution in Forrest City ("FCIFC") filed a *pro se* amended complaint pursuant to the Federal Tort Claims Act ("FTCA") and *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that he was denied adequate medical care and safe living conditions at the FCIFC (docket entry #6). Plaintiff's FTCA claims have been dismissed, and he is proceeding against Defendants T.C. Outlaw, Nader Peikar, Does, Mary Ellen Rivers-Graham, Brenda Hoy, Theron Houston, Darlene Gallardo, and Steven Norris, on his *Bivens* claims that he was subjected to unconstitutional conditions of confinement and denied adequate medical care at FCIFC.

After a December 1, 2014, pre-jury evidentiary hearing, the Court granted the parties an opportunity to file motions for summary judgment (docket entry #54). Defendants filed a motion for summary judgment, a statement of facts, and a brief in support, on December 5, 2014 (docket entries #57-#60). Plaintiff filed a response, brief in support, and reply to the statement of facts, on

December 26, 2014 (docket entries #61-#63).  Defendants filed a reply on January 2, 2015 (docket entry #64), and Plaintiff filed a response to Defendants' reply on January 26, 2015 (docket entry #65).

## I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case.  *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

On May 2, 2011, Plaintiff was released from a hospital where he had been treated for a leg infection, which Plaintiff claims he contracted due to the unsanitary conditions of the prison.  When Plaintiff returned to the prison, he was denied the use of a wheelchair, and forced to walk in restraints.  A leg chain got caught into an expansion joint crack on a sidewalk, and Plaintiff fell, and he injured his head, face, neck, left shoulder and knee.  Plaintiff alleges that continued poor care for

his leg infection caused further hospitalizations.

Plaintiff's lawsuit advances two distinct claims: that he was incarcerated in unconstitutional conditions of confinement, and that he was denied adequate medical care.

<u>Conditions of confinement</u>

To prevail on a condition of confinement claim, inmates must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 (8th Cir. 2002)(unpub. per curiam).

Although Plaintiff claimed at the hearing that the showers were not clean, he described no conditions that deprived him of the minimal civilized measure of life's necessities. Courts have concluded that similar conditions were not constitutional violations. *See Goldman v. Forbus*, 17 Fed. Appx. 487, 488 (8th Cir. 2001) (unpublished per curiam opinion) (six nights sleeping on the floor and being sprinkled with urine for two was not a constitutional violation); *Smith*, 87 F.3d at 269 (no constitutional violation when a pretrial detainee was subjected to raw sewage for four days); *White v. Nix*, 7 F.3d 120, 121 (8th Cir.1993) (eleven days in an unsanitary cell did not amount to a constitutional violation).

Plaintiff also asserts that two unnamed officers denied him the use of a wheelchair and forced him to walk across the prison yard after his initial medical procedure for his leg infection. According to Plaintiff, this led to his leg shackles becoming lodged in a sidewalk expansion joint, causing him to fall. Even if the officers were deliberately indifferent to risk to Plaintiff, neither escorting officer is one of the named Defendants. Although Plaintiff claims that Oulaw should be

4

held liable for the dangerous condition posed by the expansion joint, the undisputed facts support a finding of at most negligence on the part of Outlaw.[1]  However, negligence does not amount to a constitutional violation.  *Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir.1997).  Defendants are therefore entitled to summary judgment on Plaintiff's conditions of confinement claims.

Inadequate medical care

Plaintiff also contends he was denied adequate medical care for his leg infection.  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that:  (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.  *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  Plaintiff agrees that his medical care was appropriate from the time he initially developed a leg infection until May 2, 2011 (docket entry #6, page #4).  Although Plaintiff claims his medical care was inadequate, the medical evidence demonstrates that he was treated numerous times in an effort to control his symptoms.  The day Plaintiff returned from the hospital, he was seen in the prison infirmary by Peikar, who prescribed the medication indicated on his discharge order.  After Plaintiff's condition worsened, on May 10, 2011, Plaintiff was seen by another provider and admitted to the Forrest City Medical Center and treated.  When Plaintiff was discharged, Peikar prescribed the medication ordered by the hospital provider.  Peikar saw Plaintiff again on May 17, 2011, when his leg was not improving despite the medication provided.  Peikar ordered an additional antibiotic, and recommended that he elevate his leg.  Medical records provided by Defendants (docket entry #60) demonstrate that Peiker continued to treat Plaintiff with various medications throughout May and

---

[1] In fact, Plaintiff specifically alleges negligence in the maintenance of the walkway (docket entry #6, page #5).

into June. However, Plaintiff's problems continued, and, on June 9, 2011, he was again transported to the Forrest City Medical Center for cellulitis of the right leg. Plaintiff remained at the hospital until June 16, 2011. Plaintiff saw another provider on June 21, 2011, and was provided an antibiotic, pain reliever, and fungal cream. Peikar saw Plaintiff again on July 1, 2011, and Peikar noted that Plaintiff's condition appeared to be resolving, and recommended rehabilitation, proper hygiene, stocking, and elevation. Plaintiff did not see Peikar again in 2011. Plaintiff's leg began swelling and he saw another provider on February 4, 2012, and was transported to the Forrest City Medical Center that day. Peikar saw Plaintiff for the final time for his cellulitis on February 9, 2012. At that visit, Peiker noted no erythema, discharge, or heat, and that Plaintiff's skin was intact. Peikar prescribed medication for pain, and an unrelated condition.

Plaintiff is undoubtedly frustrated by the recurring nature of his infection. However, the medical records clearly show that Peikar was not deliberately indifferent to Plaintiff's medical needs. Peikar saw Plaintiff for his condition and prescribed antibiotics and pain relievers on multiple occasions. Plaintiff was transported to the hospital and given treatment when necessary. Additionally, Plaintiff has provided no medical evidence to suggest anything about his care was deficient. *See Dulany v. Carnahan*, 132 F.3d at 1240 (In the face of medical records indicating that treatment was provided, and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he does not believe he received adequate treatment). Accordingly, Peikar is entitled to summary judgment.

None of the other Defendants are physicians, and there is no evidence that any of them have any reason to second guess the care provided by Peikar. Although Plaintiff did testify that he told Houston that Peikar told him to elevate his leg, and Houston demanded instructions from Peiker to

verify the orders, Plaintiff conceded that he had a chair in his cell that he did use to elevate his leg. Thus, nothing Houston did or did not do, interfered with Peikar's instructions.[2] Therefore, all the other Defendants are entitled to summary judgment as well.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion for summary judgment filed by Defendants Darlene Gallardo, Theron Houston, Brenda Hoy, Steven Norris, T.C. Outlaw, Nader Peikar, and Mary Ellen Rivers-Graham (docket entry #57) be GRANTED, and Plaintiff's complaint be DISMISSED.

2. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to his claims against the unnamed Does and the USA, and DISMISSED WITH PREJUDICE in all other respects.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  19   day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]Plaintiff also asserts that Houston refused to move him to a lower floor as required by his medical restrictions, but that restriction was issued by a nurse, not Peikar, and there is no medical evidence that Plaintiff's housing assignment had any deleterious effect on his recovery (docket entry #62, pages #21-&22 & #29).